◼ Louis Fargnoli et al., Respondents, v Cosmo Parisi, Appellant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Smyk, J.), entered November 26, 1990 in Broome County, which denied defendant's cross motion to vacate a prior judgment rendered against him.

On July 31, 1980, a default judgment was entered against defendant in the Broome County Clerk's office for $35,775.18. Several years later, in January 1990, plaintiffs, in attempts to collect on the judgment, served restraining notices on several local banks. In June 1990, plaintiffs moved for, *inter alia,* an extension of the 10-year judgment lien pursuant to CPLR 5203 (b) and for installment payments pursuant to CPLR 5226. Defendant cross-moved to vacate the judgment pursuant to CPLR 5015. Supreme Court granted plaintiffs partial relief and denied defendant's cross motion to vacate. It is from the denial of that cross motion that defendant now appeals.

We affirm. Defendant does not challenge his default and admits that he was personally served with a summons and notice of the underlying claim. Defendant now argues, how-

ever, that Supreme Court erred in refusing to grant his cross motion to vacate the default judgment in view of what defendant contends was plaintiffs' misrepresentation and misconduct in entering the default judgment *(see,* CPLR 5015 [a] [3]). We disagree. Defendant's assertions, including the lack of a creditor/debtor relationship with one of the plaintiffs and the alleged misrepresentation by plaintiffs regarding the duration of the parties' business relationship, amount to nothing more than defense arguments "which could have been asserted prior to the entry of judgment" *(Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.,* 128 AD2d 821). Accordingly, defendant has failed to meet his burden to establish wrongful conduct on plaintiffs' part in obtaining the default judgment *(see, Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188, 199 [Meyer, J., concurring]).

Defendant's remaining contentions are meritless.

Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.