Country-Wide Ins. Co., Petitioner-Respondent, against
against
TC Acupuncture, P.C., a/a/o Jims Calixte, Respondent-Appellant.
 Country-Wide Ins. Co., Petitioner-Respondent, -against- New Century Acupuncture, P.C., a/a/o William Dew, Respondent-Appellant.
 Country-Wide Ins. Co., Petitioner-Respondent, -against- New Century Acupuncture, P.C., a/a/o Debra Bond, Respondent-Appellant.
 Country-Wide Ins. Co., Petitioner-Respondent, -against- New Century Acupuncture, P.C., a/a/o Ernig Mejia, Respondent-Appellant.
 Country-Wide Ins. Co., Petitioner-Respondent, -against- TC Acupuncture, P.C., a/a/o Johnny Sejour, Respondent-Appellant.
 Country-Wide Ins. Co., Petitioner-Respondent, New Century Acupuncture, P.C., a/a/o William Dew, Respondent-Appellant.



In consolidated appeals, respondents appeal from six orders of the Civil Court of the City of New York, New York County (Michael L. Katz, J.), each entered December 1, 2015, which denied their respective motions for leave to reargue and to vacate prior judgments which granted petitioner's applications to vacate master arbitration awards.




Per Curiam.
Orders (Michael L. Katz, J.), each entered December 1, 2015, insofar as appealable, affirmed, with one bill of $10 costs.
In prior unappealed judgments, Civil Court granted petitioner's CPLR 7511(b) applications to vacate the underlying no-fault arbitration awards on the ground that the arbitrator failed to disclose facts giving rise to an inference of bias. Respondents-appellants then moved to vacate those judgments on the ground that they were obtained through fraud, misrepresentation or other misconduct (see CPLR 5015[a][3]). Civil Court properly denied the motions, since respondents' contentions that petitioner had knowledge of the alleged conflicts of the arbitrator amount to nothing more than defense arguments "which could have been asserted prior to the entry of judgment" (Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp., 128 AD2d 821 [1987]; see Fargnoli v Parisi, 176 AD2d 396 [1991]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018